Lewis v New York City Hous. Auth. (2019 NY Slip Op 02951)





Lewis v New York City Hous. Auth.


2019 NY Slip Op 02951


Decided on April 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2019

Friedman, J.P., Sweeny, Webber, Gesmer, Singh, JJ.


8951 155630/14

[*1]Nakia Lewis, Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant.


Herzfeld & Rubin, P.C., New York (Linda M. Brown, of counsel), for appellant.
Alexander J. Wulwick, New York, for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered March 29, 2018, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Plaintiff testified at her deposition and General Municipal Law § 50-h hearing that at around noon on the alleged date of the accident, she went to visit a friend, who lived in the same building, one floor up on the fifth floor. When plaintiff entered the fourth floor stairwell, she saw a NYCHA maintenance employee sweeping the stairs. She observed a bucket and mop on the fifth floor landing. The employee told her not to go up the stairs and to use a second staircase. They exchanged words before plaintiff ascended the stairs to the fifth floor.
Plaintiff's friend did not answer the door. Plaintiff returned to her apartment using the same staircase. The NYCHA maintenance employee was now sweeping the stairwell on the fifth floor. Plaintiff did not see any water on the stairs before she started walking down to the fourth floor. As plaintiff proceeded, she first heard water and then saw waterrunning down the stairs between her legs. She turned around and saw the NYCHA maintenance employee holding a dripping mop over the landing. Plaintiff continued to walk down. She suddenly felt herself slip and allegedly fell down the rest of the staircase (cf. Brown v New York Marriot Marquis Hotel, 95 AD3d 585 [1st Dept 2012] [where plaintiff acknowledged that before she fell, she observed the open door, yellow cone, and liquid, which led her to suspect that the steps were wet, but she proceeded to descend them in any event]). On this record, there are triable issues of fact as to whether the employee's actions were a proximate cause of plaintiff's accident.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 18, 2019
CLERK